UNITED STATES DITRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MARK R. JOHNSON,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 13-CV-4074<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

Now comes the Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Country Bank (hereinafter, "FDIC-Receiver" or "Plaintiff"), by and through its attorneys, KAVANAGH GRUMLEY & GORBOLD LLC, and alleges the following causes of action for foreclosure and other relief against Defendant:

**FACTS COMMON TO ALL COUNTS**

1.　On June 22, 2009, Country Bank made a loan in a total amount not to exceed $1,500,000.00 (hereinafter, the "Loan") to the Defendant, MARK R. JOHNSON (hereinafter, "Johnson" or "Borrower"). The Loan is evidenced by a Promissory Note dated June 22, 2009 (the "Note", a copy of which is attached hereto and incorporated herein as **Exhibit "A"**).

2.　The Loan and Note is secured by the Borrower's pledge of certain tax increment financing bonds issued by the Village of Sherrard, Illinois (the "TIF Bond") pursuant to an Investment Property Security Agreement between the Borrower and Country Bank (the "Security Agreement", a copy of which is attached hereto and incorporated herein as **Exhibit "B"**).

1

3.  On or about June 22, 2009, Country Bank, Borrower and the Bank of New York Mellon Trust Company, N.A., as Trustee, entered into a certain Investment Property Control Agreement (the "Control Agreement", a copy of which is attached hereto and incorporated herein as **Exhibit "C"**), and County Bank subsequently filed a UCC financing statement, pursuant to which Country Bank perfected its security interest in the TIF Bond and the proceeds therefrom.

4.  The Loan, Note and TIF Bond are related to certain real estate and improvements owned by Fyre Lake Ventures, LLC and located in Mercer County, Illinois.

5.  The Note is payable by the Borrower on demand.

6.  On October 14, 2011, Country Bank was closed by the Illinois Department of Financial and Professional Regulation Division of Banking (hereinafter, the "Division of Banking"), and the FDIC-Receiver, was appointed as its receiver. True and correct copies of the Division of Banking's October 14, 2011 receivership appointment letter and the FDIC's letter accepting its receivership appointment are attached hereto and incorporated herein as **Group Exhibit "D"**.

7.  The FDIC-Receiver has succeeded to all rights, titles, powers and privileges of Country Bank pursuant to 12 U.S.C. §1821(c)(3)(A).

8.  On or about December 5, 2011, the FDIC-Receiver made demand upon the Borrower in writing (a copy of which is attached hereto and incorporated herein as **Exhibit "E"**), notifying Borrower that a Default had occurred under the Note and demanding that the unpaid principal and interest due under the Note be paid immediately. Those amounts have not been paid.

9.  Pursuant to the Control Agreement and the Security Agreement, the TIF Bond has

been reassigned and delivered to the FDIC-Receiver, and re-registered into the name of the FDIC-Receiver.

### COUNT I – FORECLOSURE OF LIENS AND SECURITY INTERESTS

1-9.   For paragraphs 1 through 9 of Count I, the preceding paragraphs 1 through 9 are realleged and incorporated herein by reference.

10.   The liens and security interest granted to the FDIC-Receiver in the TIF Bond, income and profits from the TIF Bond are superior in priority to any liens, security interests or other interests in the property of the Borrower.

11.   By the terms of the Security Agreement and the Control Agreement, the FDIC-Receiver is empowered to exercise all rights and remedies, including foreclosure, granted under such documents and the law of Illinois.

12.   The FDIC-Receiver seeks to foreclose on its security interests in the TIF Bond, and all income and profits from the TIF Bond.

13.   Borrower is in default under the Note for, among other reasons, those reasons set forth in Paragraph 8 of this Complaint, and by reason of such default, the FDIC-Receiver is entitled to foreclose on and seize all income and profits from the TIF Bond from the date of default to the present and continuing.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Country Bank, respectfully requests that the Court enter an Order granting to it the following relief:

> i.   An Order declaring that the FDIC-Receiver is entitled to possession and title to the TIF Bond, and all income and profits from the TIF

      Bond, and that the FDIC-Receiver's interest in the same is superior to all other interests claimed;

  ii. An Order terminating every right, title or interest of every sort in the TIF Bond, income and profits from the TIF Bond, including, but not limited to, those arising from every sort of lease or lien, which is or may be claimed by the Defendant in this suit, or any other person or entity with an interest subordinate to the interest of the FDIC-Receiver in the TIF Bond, the income and profits from the TIF Bond;

  iii. An Order requiring that all income and profit from the TIF Bond, from the date of default to present, and continuing, be paid to the FDIC-Receiver; and

  iv. Such other relief as this Court deems just and proper, including, but not limited to, declaratory and injunctive relief.

## COUNT II - BREACH OF CONTRACT

1-13. For paragraphs 1 through 13 of Count II, paragraphs 1 through 13 of Count I are realleged and incorporated herein by reference.

14. The Borrower entered into a valid and enforceable contract when he executed the Note.

15. Borrower's failure to timely pay the principal and interest due and owing under the Note constitutes an event of default under the Note.

16. Plaintiff has made demand upon the Borrower for payment of Borrower's obligations under the Note.

17. Plaintiff has fully performed and fulfilled all of the terms and conditions of the Note that it agreed to perform and fulfill.

18. Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs, and other expenses as a result of Borrower's failure to comply with its obligations under the Note.

19. Pursuant to the Note, Plaintiff is entitled to recover its attorneys' fees, costs and expenses.

20. Plaintiff has been damaged and continues to be damaged by Borrower's breach of the Note.

WHEREFORE, the Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Country Bank, respectfully requests that the Court enter an Order granting the following relief:

    i. A judgment in favor of Plaintiff and against MARK R. JOHNSON, in the amount of not less than $1,500,000.00, plus unpaid interest, default interest, late charges, other fees, protective advances that Plaintiff may make, costs of suit, attorneys' fees, and any and all costs relating to the enforcement of the Note incurred by Plaintiff in connection herewith; and

    ii. Such other and further relief as this Court deems just and proper.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Country Bank, Plaintiff

KAVANAGH GRUMLEY & GORBOLD LLC

By: _____
One of the Attorneys for Plaintiff

Paul J. Richards ARDC #06230122
Kavanagh Grumley & Gorbold LLC
111 North Ottawa Street
Joliet, Illinois 60432

## VERIFICATION

The undersigned, under penalties as provided pursuant to 735 ILCS 5/1-109, certifies that he is an Asset Manager of MIDLAND LOAN SERVICES, A DIVISION OF PNC BANK, N.A., SERVICING AGENT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER FOR COUNTRY BANK, the Plaintiff herein, and as such is familiar with the books and records of the Plaintiff with respect to the matters alleged in the foregoing Verified Complaint, and further certifies that the statements and allegations set forth in the First Amended Verified Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _____
Name: Michael Guerry
Title: Asset Manager

**SUBSCRIBED AND SWORN TO** before me this _14_ day of August, 2013.

_____
Notary Public

NOTARY PUBLIC - State of Kansas
BRANDY ALEXANDER
My Appt. Exp. 3/7/15